Statement.

# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## COMMONWEALTH v. BASS.

### March 21, 1912.

1. JUSTICE OF PEACE—*Records—Endorsement on Warrant—Appeal.*—A justice's court is not a court of record, and the endorsement by a justice on a warrant tried by him, "Fine and costs paid," is not conclusive on that point, and will not deprive a defendant of his right of appeal when no such payment has in fact been made.

2. JUSTICE OF PEACE—*Security for Fine and Costs—Appeal by Defendant—Conditional Payment.*—The acceptance by a justice of the peace of a negotiable note with good security for a fine and costs imposed by him upon a defendant cannot be considered a payment of such fine and costs, in the sense that it will preclude an appeal from his judgment; but can only be considered as a compliance with section 717 of the Code, authorizing him to take security for such fine and costs, to be paid within thirty days from the day of trial, or, at most, as a conditional satisfaction of the judgment.

3. CRIMINAL LAW—*Continuance—Absent Witness—Diligence.*—On the hearing of a criminal case appealed from a justice, it is not error to refuse to continue the case, at the instance of the Commonwealth, on account of the absence of an alleged material witness, with whom the attorney for the Commonwealth had never talked, although he was the principal witness against the defendant when he was convicted before the justice, and the attorney for the Commonwealth was informed of his materiality, where it appears that the case had been continued a number of times, and no effort was made on behalf of the Commonwealth to obtain the desired witness until about two weeks before the trial, for the reason that the Commonwealth was relying upon the appeal being dismissed as improvidently awarded.

Error to a judgment of the Circuit Court of Hanover county.

*Affirmed.*

The opinion states the case.

*Samuel W. Williams, Attorney General,* for the Commonwealth.

*Leith S. Bremner,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This writ of error was awarded to the Commonwealth to a judgment of the Circuit Court of Hanover county, acquitting the defendant in error, Charles Bass, of the charge of the violation of the revenue laws of the State by selling intoxicating liquors without a license so to do.

Upon a warrant issued, executed by the constable to whom it was addressed, and trial the same day by Thomas R. Puller, a justice of the peace for Hanover county, the defendant in error, Bass, was found guilty, on June 6, 1910, of the charge of violation of the revenue laws of the State, as above mentioned, fined $50.00 and costs, and required to enter into a recognizance in the sum of $100.00 for his good behavior for twelve months from said date. On the back of the warrant the justice, over his official signature, endorsed his judgment, stating the aggregate amount of the fine and costs imposed—viz., $53.85—and added: "Fine and costs paid on June 6, 1910." Four days later—to-wit, on June 10, 1910— Justice Puller endorsed on the warrant that, upon application made to him by counsel for Bass, an appeal was allowed Bass, "subject to the opinion of the circuit court as to his right to an appeal." "Prisoner released on $200.00 bond for his appearance on the second day of the next term thereof, with H. L. Liggon as his surety."

Pursuant to his recognizance, Bass appeared before the circuit court at its July term, 1910, and by consent of parties, by counsel, the case was continued to the following September term of the court. By like consent the case was continued at the September term, 1910, and at each term of the court until the March term, 1911, was reached. At the March term, 1911, to-wit, on March 22, the attorney for the Commonwealth moved the court to dismiss the appeal as improvidently awarded, the fine and costs imposed by the justice upon the defendant, Bass, having been paid; but the court overruled the motion, and required the case to be regularly tried upon the appeal, and to this ruling the Commonwealth excepted; whereupon the Commonwealth moved for a continuance of the case, which motion was also overruled, to which ruling exception was also taken. The case was then
96

tried by a jury, and by their verdict the defendant was found not guilty. The motion of the attorney for the Commonwealth to set aside the verdict of the jury, because contrary to the law and the evidence, having been by the court overruled, the Commonwealth again duly excepted.

The principal point made and relied on by the Commonwealth in its petition for this writ of error is the ruling and judgment of the trial court sustaining defendant's right of appeal to that court.

Section 4107 of the Code of 1904, under which the appeal to the circuit court was applied for and obtained by the defendant, was enacted pursuant to the eighth section of Article I. of our Constitution (relating to the trial of misdemeanors by justices), and has reference to section 4106 of the Code, and provides the means of securing, in all cases referred to in section 4106, a trial by jury, if the defendant so desires and complies with the terms of the statute. The provision of the statute for an appeal in misdemeanor cases tried by a justice is very broad—viz.: "Any person convicted by a justice under the preceding section (4106) shall have the right, at any time within ten days from such conviction, to appeal to the circuit court of the county * * * "; but there are certain requirements with which a person convicted before a justice must comply, in order to avail himself of his constitutional right of appeal. These requirements are that he must ask for an appeal within ten days from his conviction, and he must enter into a recognizance in an amount fixed by the justice, and with surety satisfactory to the justice, or be committed to jail to await the next term of the court to which the appeal is taken. Whether or not a person who is given the right of appeal from a judgment of a justice to the circuit court of the county waives this right by paying the fine and costs imposed upon him by the justice is a question not necessary to be considered in this case, since it is made plainly to appear in the record that the fine and costs imposed upon the defendant were not paid before an appeal was taken by him to the circuit court.

Section 717 of the Code confers upon a justice authority, in his discretion, in any misdemeanor cases tried by him, when a fine and costs are imposed upon the accused which are not paid in cash, to "take security for the payment of such fine and costs.

\* \* \*  , such payment to be made within thirty days from the day of the trial."

In this case the trial court certifies as a fact proven at the trial that, notwithstanding the endorsement on the warrant that the fine and costs had been paid, the justice who tried the warrant and made said endorsement thereon admitted, when examined as a witness before the circuit court, that he had only taken from the defendant a negotiable note, with good security, for the fine and costs. The endorsement of the justice on the warrant, "Fine and costs paid," could not be considered as conclusive on that point, as a justice's court is not a court of record, and when cases are tried on appeal from such a court the whole case and the proceedings therein are to be heard *de novo.*

Evidence that the fine and costs had not been actually paid being plainly admissible in the trial upon the appeal in the circuit court, the acceptance by the justice of "a negotiable note, with good security, for the fine and costs," could not be considered a payment of the fine and costs in the sense that it would preclude an appeal from the judgment of the justice, but could only be considered as contemplated by the statute, section 717, *supra,* security for "such payment to be made within thirty days from the day of trial," or, at most, a conditional satisfaction of the judgment. *Morriss* v. *Harveys,* 75 Va. 726.

In the petition of the Commonwealth for this writ of error, the contention seems to be made that the fine and costs in question were actually paid, and the note and security referred to by the learned judge of the circuit court, in his opinion sustaining the right of appeal in the defendant from the judgment of the justice, had reference to some other case tried at the same term of court; but we are unable to find in the record any ground upon which this contention can be sustained.

We are further of opinion that there is no merit in the contention of the Commonwealth that the trial court erred in overruling its motion for a continuance at the March term, 1911. This motion was upon the ground of the absence of a witness, with whom the attorney for the Commonwealth had never talked, but who, the attorney had been informed by others, was a material witness.

It may be true, as contended, that the absent witness was the principal witness against the defendant at his trial before the justice, but it is equally true that soon after the trial the witness left the neighborhood, and the deputy sheriff had been unable to serve upon him either of three subpœnas put into his hands for execution, although every effort had been made to find the witness, and that the location of the witness was not actually known, but was supposed to be in Philadelphia, Pa. There had been, as we have seen, a number of continuances of this case, and it further appears that no effort was made on behalf of the Commonwealth to find the wanted witness until about two weeks before the trial of the case, for the reason that the Commonwealth was relying upon the appeal being dismissed as improvidently awarded. In these circumstances it cannot be said that the trial court abused its discretion in refusing a continuance of the case.

The case was submitted to the jury upon its merits, and without instructions asked by either of the parties, and with respect to the assignment of error in the refusal of the court to set aside the verdict of the jury finding the defendant not guilty, we deem it only necessary to say that the evidence was plainly insufficient to have warranted the jury in any other finding.

It follows that the judgment of the circuit court has to be affirmed.

*Affirmed.*