# Richmond

EASTER GREEN V. COMMONWEALTH OF VIRGINIA.

March 10, 1938.

Present, All the Justices.

The opinion states the case.

*Hodges & Dortch,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

PER CURIAM.

Easter Green was convicted in the Circuit Court of Mecklenburg county of the illegal possession of whiskey and her

punishment fixed by a jury at a fine of $50.00 and confinement in jail for ninety days.

The accused had been convicted before the trial justice of the county and her punishment, fixed by him, was the same as that later fixed by the jury.

There appeared on the back of the warrant, the following, which had been written there by the trial justice: "Plea of not guilty, $50.00 fine and costs and 90 days in jail. 5-7-37." Just before the jury retired to consider of its verdict, counsel for accused moved that the warrant showing the punishment fixed by the trial justice be withheld from them because his finding was illegal evidence which should not be disclosed to the jury. This request was refused. The warrant, with the finding of the trial justice, was given to the jury and they arrived at the identical punishment which had been meted out to her by him.

The court is of opinion that upon a trial of an appeal from a trial justice, it is improper for the jury to be informed of the *quantum* of punishment given an accused by the trial justice. Code, section 4989, as amended by Acts 1932, ch. 172, and section 4990 provide that such an appeal must be tried *de novo*. When the warrant with the finding of the trial justice written thereon was given to the jury in this case, it effectually told the jury how much punishment he had given the accused. For this error, we reverse the judgment of the trial court and remand the case for a new trial.

*Reversed.*