# Richmond

ALBERT GRAVELY v. JOHN W. B. DEEDS, TRIAL JUSTICE.

November 25, 1946.

Record No. 3160.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston and Buchanan, JJ.

The opinion states the case.

*W. O. Leftwich*, for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *Walter E. Rogers, Assistant Attorney General,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Albert Gravely was convicted on June 5, 1946, by the trial justice of Pulaski county of the unlawful sale of alcoholic beverages and sentenced to pay a fine of $100 and to be confined in jail for 12 months—6 of the 12 months' sentence to be suspended on his execution of a bond conditioned on his not violating any provision of the Alcoholic Beverage Control statute for a period of 12 months. He was informed that if he paid his fine and costs he would not be granted an appeal. He stated that he did not intend to appeal, paid the fine and costs and was remanded to jail to begin the service of his sentence. On the 14th day of June, 1946 (within ten days from the date of. conviction), his application to the trial justice for an appeal was denied. A few days thereafter he applied to the Circuit Court of Pulaski county for a writ of *mandamus* to compel the trial justice to grant the appeal. From the judgment denying the prayer of the accused, this writ of error was awarded.

The only question presented is whether the payment of the fine and costs and the beginning of the service of a jail sentence constitute a waiver of the right to appeal from a judgment of conviction imposed by a trial justice. The courts in other jurisdictions are divided on this question.

The decisions holding that such payment is a waiver seem to base their conclusion on the theory that the payment of the fine is a voluntary act and that the accused would derive no benefit from a reversal of the judgment. 2 Am. Jur. 987. The same courts seem to hold that the payment of a judgment or decree entered in a civil action does not constitute a waiver of a right to review upon a writ of error or an appeal unless such payment was made in a compromise settlement or the judgment debtor agreed not to pursue an appeal at the time the payment was made. 2 Am. Jur. 981.

The reason advanced in support of this rule is that, if the judgment or decree was not satisfied, the judgment creditor could, and perhaps would, cause an execution to be issued and defendant's property seized to satisfy the judgment or decree. The same reason applies in a criminal case, because if the fine is not paid the Commonwealth may not only seize the property of the accused to satisfy the judgment but it may seize the accused and confine him in jail until the fine and costs are paid. Knowledge and fear of the consequences of failure to pay usually influence the defendants in making payment. In that sense, the payment of the judgment or the fine is not a voluntary act.

The right of appeal from the judgment of a police or trial justice court is fixed by statute. The language of the statutes in the different jurisdictions varies, hence the ultimate decision of the question must turn upon the language of the controlling statute.

The pertinent Virginia statutes are sections 4989 and 4990 of the Code of 1942 (Michie). Section 4989 provides that "any person convicted" by a trial justice "shall have the right, at any time within ten days from such conviction, * * * , to appeal to the circuit court of the county or corporation or hustings court of the corporation, as the case may be * * * ." Section 4990 provides that the appeal shall be tried without formal pleadings in writing and the accused shall be entitled to a trial by jury in the same manner as if he had been indicted for the offense in said court.

This court has held repeatedly that on appeal from the judgment of a trial justice the case is tried *de novo* in the circuit or corporation court. The appeal is, in effect, a statutory grant of a new trial. It not only annuls the judgment of the trial justice, but it is reversible error to permit such judgment to be introduced in evidence before the jury. The question on appeal is not whether the judgment of the justice is correct but whether the accused is guilty of the offense charged. In determining this issue the judgment of the trial justice is disregarded. *Ossa v. Appalachia*, 137 Va. 795, 119 S. E. 51; *Postal Telegraph-Cable*

*Co.* v. *Charlottesville,* 126 Va. 800, 101 S. E. 357; *Dickerson* v. *Commonwealth,* 162 Va. 787, 173 S. E. 543; *Gemmell, Inc.* v. *Svea Fire, etc., Ins. Co.,* 166 Va. 95, 184 S. E. 457; *Green* v. *Commonwealth,* 170 Va. 619, 195 S. E. 520; *Malouf* v. *Roanoke,* 177 Va. 846, 13 S. E. (2d) 319.

The identical question now under consideration was raised in *Commonwealth* v. *Bass,* 113 Va. 760, 74 S. E. 397, and in *Ricketts* v. *J. G. McCrory Co.,* 138 Va. 548, 121 S. E. 916, but in neither instance did this court find it necessary to decide the question.

Persons charged with misdemeanors seldom seek the benefit and advice of counsel before trial. The proceedings before a trial justice are usually conducted informally and summarily. These facts were well known to the members of the General Assembly and doubtless influenced them in the use of the broad language of the statutes to give the accused ten days in which to determine whether or not he should apply for an appeal and thereby obtain the grant of a new trial. Payment of the fine and partial submission to a judgment of the trial justice do not of themselves constitute a waiver of the right to an appeal if proper steps are taken to perfect such an appeal within the period named.

The judgment of the trial court is reversed and a writ of *mandamus* will be issued in accordance with the prayer of the petition.

*Reversed and mandamus issued.*