**Richmond**

DAVID P. BAUGH

v.

COMMONWEALTH OF VIRGINIA

No. 1362-90-2

Decided May 5, 1992

COUNSEL

Claire G. Cardwell, for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BRAY, J.—On an appeal from the general district court, David P. Baugh (defendant) was convicted in the circuit court of criminal contempt in violation of Code § 18.2-456(1)[1] and sentenced to ten days in jail. He contends that (1) the admission into evidence of a certificate prepared by the general district court judge, which detailed the circumstances of the offense, violated his constitutional right of confrontation and his statutory right to a trial *de novo*, (2) the trial court improperly denied his right to a trial by jury, and (3) the evidence was insufficient to support the conviction. We disagree and affirm.

I.

Defendant, an attorney, had been appointed in the general district court (district court) to defend George Gonzalas (Gonzalas) on a charge of petit larceny. During defendant's cross-examination of a witness at trial, someone in the courtroom whispered, "Object, he's badgering." Perhaps in response to this prompt, the Commonwealth's Attorney objected and was sustained by the district court judge. Defendant then "turned his back on the Court" and remarked that he "didn't know that the court read lips" and "we have the audience to thank for the objection."

The trial proceeded and defendant requested that Gonzalas be permitted to place the wine bottles subject of the larceny into his pants to disprove testimony that the pants could accommodate both the bottles and Gonzalas. When the district court judge denied the motion, defendant suggested that the demonstration be

---

[1] This provision addresses "[m]isbehavior in the presence of the court, or so near thereto, as to obstruct or interrupt the administration of justice."

conducted with Gonzalas handcuffed so he could not "hurt" the court, but this request was also refused. Defendant then argued that he was "being deprived of his ability to represent his client;" however, the court noted that "it had ruled" and instructed defendant to "move along." Instead, defendant asked leave to withdraw from the case and his motion was granted. Immediately following this ruling, defendant commented to the district court judge, "Good, now you can appoint somebody that will plead him guilty," and the court found him in contempt.

Defendant appealed the conviction to the circuit court and, in accordance with the provisions of Code § 18.2-459, a "certificate" prepared by the district court judge, which detailed the circumstances of the offense, was transmitted to the circuit court. Defendant's motion for a jury trial was denied and, following a bench trial during which the certificate was admitted into evidence, defendant was convicted of contempt and sentenced to ten days in jail.

## II.

We first address defendant's complaint that the certificate violated his constitutional right of confrontation and his statutory right to a trial *de novo* in the circuit court. The right of a defendant in a criminal prosecution to confront his accusers is guaranteed by both the United States and Virginia Constitutions. U.S. Const. amend. VI; Va. Const. art. I, § 8. This right, however, is "not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973); *see Pointer v. Texas*, 380 U.S. 400, 407 (1965). It must be assured in a fashion "sensitive to the necessities of trial and the adversary process" and "must occasionally give way to considerations of public policy and the necessities of the case." *Maryland v. Craig*, 497 U.S. 836, 848 (1990) (quoting *Ohio v. Roberts*, 448 U.S. 56, 63 (1980), and *Mattox v. United States*, 156 U.S. 237, 243 (1895)). Nevertheless, it remains a constitutional right compromised "only where . . . necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." *Craig*, 497 U.S. at 850; *Bilokur v. Commonwealth*, 221 Va. 467, 471, 270 S.E.2d 747, 751 (1980).

■ We find the circumstances of the instant prosecution sufficiently unique to raise these public policy considerations necessary to warrant departure from the traditional concepts of trial confrontation. " 'Contempt is defined as an act in disrespect of the court or its processes, or which obstructs the administration of justice, or tends to bring the court into disrepute.' " *Carter v. Commonwealth*, 2 Va. App. 392, 396, 345 S.E.2d 5, 7 (1986) (quoting 4A Michie's Jurisprudence *Contempt* § 2 (Repl. vol. 1983)); *see* Code § 18.2-456(1). It includes any act "which is calculated to embarrass, hinder, or obstruct the court" in the discharge of its responsibilities. *Carter*, 2 Va. App. at 396, 345 S.E.2d at 7-8; *Potts v. Commonwealth*, 184 Va. 855, 859, 36 S.E.2d 529, 530 (1946).

■ A district court judge has the power to punish summarily for contempt. Code § 18.2-458. It is a power "essential and inherent . . . [to] the very existence of our courts," *Levine v. United States*, 362 U.S. 610, 615 (1960), indispensable to "the proper administration of the law . . . [and necessary] to preserve the confidence and respect of the people without which the rights of the people cannot be maintained and enforced." *Carter*, 2 Va. App. at 395, 345 S.E.2d at 7 (quoting *In re Chadwick*, 109 Mich. 588, 596, 67 N.W. 1071, 1072 (1896)). Contempt is a singular proceeding in our jurisprudence which implicates the trial court itself in both the offense and its adjudication and requires treatment suitable to this anomaly.

■ Code § 19.2-271 prohibits the testimony, "in any criminal or civil proceeding," of a judge "as to any matter which came before him in the course of his official duties." Oftentimes, however, the district court judge is an indispensable witness to the contemptuous event and his or her testimony is essential to prosecution of the offense on an appeal. Code § 18.2-459 resolves this dilemma by requiring that the district court judge submit a "certificate of the conviction and the particular circumstances of the offense." The circuit court "may hear the case upon the certificate and any legal testimony adduced on either side." Code § 18.2-459. This statutory scheme at once accords proper deference to the district court and ensures the preservation and availability of relevant evidence, the reliability of which is enhanced by the judge's certificate. In all other respects, ordinary trial procedures are undisturbed.

Thus, while the right of an accused in contempt proceedings to traditional face-to-face confrontation yields to more compelling public policy considerations, the integrity of the factfinding process is diminished little and the procedure is constitutionally sound. We thus reject defendant's contention that his right to confrontation was violated.

## III.

█ Code § 16.1-132 grants to any person convicted of an offense in the district court the right of appeal to the circuit court and Code § 16.1-136 provides that such appeal shall be heard *de novo*, as a new trial. *Gaskill v. Commonwealth*, 206 Va. 486, 490, 144 S.E.2d 293, 296 (1965); *Gravely v. Deeds*, 185 Va. 662, 664, 40 S.E.2d 175, 176 (1946). The issue before the circuit court is not the disposition of the matter in the lower court, but the defendant's guilt or innocence. *Royals v. City of Hampton*, 201 Va. 552, 556, 111 S.E.2d 795, 798 (1960); *Gravely*, 185 Va. at 664, 40 S.E.2d at 176; *Malouf v. City of Roanoke*, 177 Va. 846, 856, 13 S.E.2d 319, 322 (1941). In this determination, the judgment of the district court must be ignored. *Royals*, 201 Va. at 556, 111 S.E.2d at 798; *Gravely*, 185 Va. at 664, 40 S.E.2d at 176; *Malouf*, 177 Va. at 856, 13 S.E.2d at 322.

In the appeal of a contempt citation, however, those events which occurred in the district court comprise the evidence of the offense before the court of record. The occurrence, circumstances and perceptions of the district court judge are relevant and necessary direct evidence in the appellate proceeding, the admission of which does not effect the *de novo* nature of the trial. The defendant, therefore, was not denied his statutory right to a trial *de novo*.

## IV.

We next address defendant's assertion that the trial court improperly denied his right to a jury trial. He argues that the right to trial by jury in Virginia attaches to any offense that is punishable by imprisonment.

█ At common law, no right to a jury trial existed in summary contempt proceedings. In *Yoder v. Commonwealth*, the Supreme Court of Virginia noted that:

the general rule was, that no person could be deprived of his property or his liberty except by the judgment of his peers. To this rule, however, there was an exception, and in cases of contempt the offender could be attached, brought at once before the court and punished without the intervention of a jury.

107 Va. 823, 827-28, 57 S.E. 581, 583 (1907). In *Nicholas v. Commonwealth*, the Court again observed that " '[t]here has been general recognition of the fact that the courts are clothed with [the power to punish for contempt], and must be authorized to exercise it without referring the issues of fact or law . . . to a jury.' " 186 Va. 315, 321, 42 S.E.2d 306, 309 (1947) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450 (1911)). We recognize, however, that the unbridled authority of courts to punish for criminal contempt in the absence of a jury is limited to "petty contempts," with a penalty not exceeding six months. *Taylor v. Hayes*, 418 U.S. 488, 495 (1974); *Bloom v. Illinois*, 391 U.S. 194, 210 (1968); *see Greene v. Tucker*, 375 F. Supp. 892 (E.D. Va. 1974).

In prosecutions under Code § 18.2-456(1), the General Assembly has limited the maximum punishment to a $50 fine or ten days in jail, "without a jury." Code § 18.2-457. As defendant's sentence was comported with Code § 18.2-457, and the petty contempt mandate of *Taylor* and *Bloom*, his request for a jury trial was properly denied.

## V.

Finally, defendant contends that the evidence was insufficient to support a conviction of contempt. Our standard for reviewing the sufficiency of the evidence is firmly established. We must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will not be set aside unless it appears to be plainly wrong or without evidence to support it. *Id.*

The trial court found that defendant intended to use the *Gonzalas* case "as a forum . . . to attack" the district court

judge, that defendant "knew what he did" and "meant to do it." Based upon our review of the record, we find the evidence adequate to support this determination and find that defendant's conduct constituted "misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice." Code § 18.2-456(1).

For the foregoing reasons, the decision of the trial court is affirmed.

*Affirmed.*

Willis, J., concurred.

Benton, J., dissenting.

David P. Baugh, an attorney licensed to practice in Virginia, was summarily convicted of contempt by a trial judge in the general district court for violating Code § 18.2-456 and sentenced to ten days in jail. Neither the trial judge's certificate nor the circuit judge's order affirming the conviction recites the specific provision of Code § 18.2-456 that Baugh was convicted of violating. Based upon the circuit judge's finding "that [Baugh's] behavior in the presence of the Court was such that it did obstruct the administration of justice," we must conclude that the conviction was based upon a finding of violation of Code § 18.2-456(1) ("Misbehavior in the presence of the court . . . as to obstruct or interrupt the administration of justice"). For the reasons that follow, I would hold that Baugh's conduct was overzealous and impertinent but that the record did not provide sufficient evidence to prove beyond a reasonable doubt that he obstructed or interrupted the administration of justice.

Summary contempt is a criminal proceeding and occurs without the procedural due process rights associated with criminal prosecutions; thus, it may be invoked only under limited circumstances. *In re Michael*, 326 U.S. 224, 227 (1945). Misbehavior can only be punishable as contempt when it "constitute[s] a clear and present danger or obstruction to the administration of justice." *Weston v. Commonwealth*, 195 Va. 175, 184, 77 S.E.2d 405, 410 (1953). Moreover, because a summary contempt proceeding "is criminal and punitive in character, . . . the guilt of the alleged contemner must be established beyond a reasonable doubt." *Id.*

Code § 18.2-456 requires proof beyond a reasonable doubt of (1) misbehavior, (2) in the presence of the court, (3) done with intent to obstruct or interrupt the administration of justice, which (4) obstructs or interrupts the administration of justice.

"[F]or conduct to be an obstruction of the administration of justice, it must interfere with and disrupt the orderly process of a court." "Mere affront to the trial judge is not enough." "An obstruction of the administration of justice is a significant disruption of judicial proceedings." "[T]hat remarks are injudicious . . . an affront to the dignity or sensibility of the court . . . or even disrespectful or insulting . . . will not, without more, justify conviction for summary criminal contempt." Inappropriate and ill-mannered conduct that "did not obstruct or delay the hearing . . . falls short of that misbehavior which may be punished."

*Commonwealth v. Rubright*, 489 Pa. 356, 364, 414 A.2d 106, 110 (1980)(citations omitted). I believe it is not " 'clearly . . . shown' on this record that [Baugh's] statements . . . actually obstructed the district judge in 'the performance of judicial duty.' " *In re McConnell*, 370 U.S. 230, 234 (1962). *See also Salyer v. Commonwealth*, 209 Va. 662, 664-65, 166 S.E.2d 110, 111-12 (1969).

The record shows a hotly contested proceeding which apparently began with some friction when Baugh, who was appointed to represent an indigent, objected to the trial judge's role in presenting the prosecution's case against his client. When the case was called, the Commonwealth attorney was in the courtroom but did not participate in presenting the evidence. Without the participation of a Commonwealth's attorney, the trial judge began questioning the prosecution witness to elicit evidence against Baugh's client. The trial judge's certificate states that the trial judge "normally proceeds without a Commonwealth Attorney in misdemeanor cases." When Baugh objected, the trial judge "acquiesced" in the objection and asked the Commonwealth attorney to present the prosecution's case.

During direct testimony, the prosecuting witness testified that Baugh's client secreted two bottles of wine in his pants while in his store. During this testimony, Baugh made several objections to the testimony, which were sustained. Baugh thoroughly cross-examined the witness about his observations. The trial judge's certif-

icate states that during Baugh's cross-examination, "someone, as yet unidentified, said in a staged whisper from the audience 'Object, he's badgering the witness.' " The trial judge's certificate does not reflect that the trial judge admonished the person who made the comment. The certificate states, "With this prompting the Commonwealth Attorney noted his objection and the Court sustained the objection." Baugh, who apparently did not hear an objection by the Commonwealth's attorney, took exception to the comment from the audience and the trial judge's ruling.

When Baugh resumed his cross-examination of the witness, he attempted to demonstrate, using his client, that two bottles could not be secreted in his client's pants. The certificate states that "[a]t this point the bailiffs in accordance with standard security instructions in the Court intervened and would not allow the defendant to take the bottles." After this occurred, the trial judge advised Baugh that the demonstration could not proceed. An exchange ensued between Baugh and the trial judge, in which Baugh argued "that he was 'being deprived of his ability to represent his client' " and "that his client was being denied due process."

After the trial judge again refused Baugh the opportunity to demonstrate that his client could not have secreted the two bottles in his pants in the way suggested by the prosecution's witness, Baugh made a motion to withdraw from representing his client. The trial judge granted Baugh's motion. Presumably, Baugh believed that he could not continue to represent his client effectively under the circumstances then prevailing. The record does not reflect why the trial judge granted the motion; however, it is reasonable to assume that the trial judge shared Baugh's belief.

The certificate then describes the following action which led to the conviction:

Upon being relieved as counsel Mr. Baugh turned his back on the Court and in what can only be described as a grandstand gesture of spreading his arms wide to the ceiling saying in a very loud audible sarcastic tone of voice, "I'm glad I'm out of this case, now you can appoint someone who will come in and plead the defendant guilty quicker."

Code § 18.2-456(1) requires that the charged conduct must "obstruct or interrupt the administration of justice." The evidence does not prove an actual obstruction or interruption of the administration of justice. While the trial judge alludes to Baugh's "disruptive behavior" in the certificate as contributing to his finding of contempt of court, he focuses on Baugh's "sarcastic tone of voice" and "lack of courtesy," as leading to his conclusion that Baugh's behavior was "contemptuous, condescending and servile." The record, thus, provides ample evidence of Baugh's impertinence. However, the certificate does not explain how Baugh's behavior actually obstructed or interrupted the administration of justice, as required by Code § 18.2-456(1). Merely recounting the events leading to this charge does not suffice. Remarks and conduct that are an affront to the dignity or sensibility of the court do not, without more, justify a conviction for summary criminal contempt. *In re Little*, 404 U.S. 553, 555 (1972). *See also Salyer*, 209 Va. at 664-65, 166 S.E.2d at 111-12. Indeed the Supreme Court has often stated that "[t]rial courts . . . must be on guard against confusing offenses to their sensibilities with obstruction to the administration of justice." *Brown v. United States*, 356 U.S. 148, 153 (1958).

The case of *In re McConnell* involved essentially the application of the same standard found in Code § 18.2-456(1). The Supreme Court clearly addressed the need to prove, rather than merely assume, the existence of an obstruction:

> [B]efore the drastic procedures of the summary contempt power may be invoked to replace the protections of ordinary constitutional procedures there must be an actual obstruction of justice:
>
> > "An obstruction to the performance of judicial duty resulting from an act done in the presence of the court is, then, the characteristic upon which the power to punish for contempt must rest. This being true, it follows that the presence of that element must clearly be shown in every case where the power to punish for contempt is exerted. . . ."

370 U.S. at 234 (quoting *Ex parte Hudgings*, 249 U.S. 378, 383 (1919)). Furthermore, "the obstruction has to be imminent and not remote." *State v. Boyd*, 166 W. Va. 690, 695, 276 S.E.2d 829, 833 (1981).

> The vehemence of the language used is not alone the measure of the power to punish for contempt. The fires which it kindles must constitute an imminent, not merely a likely, threat to the administration of justice. The danger must not be remote or even probable; it must immediately imperil.

*Craig v. Harney*, 331 U.S. 367, 376 (1947).

Baugh's comment clearly was a continuation of his strenuous efforts to prove his client's innocence. His comments were directed to the circumstances that *culminated in the judge allowing him to* withdraw after the judge refused to give him latitude to prove that his client could not have concealed two bottles in his pants as alleged by the witness. Obviously, the comment was irritating and disrespectful; however, it was not shown to obstruct justice or to have been said with the intent to do so.

> "It has been stated that *intent* is a necessary element in criminal contempt, and that no one can be punished for a criminal contempt unless the evidence makes it clear that he intended to commit it." The record in such cases must contain more than the bare *conclusion* that the defendant's conduct was insolent, insulting, boisterous or the like. The actual facts upon which the court based its final conclusion must be set out. Such *conclusions* alone will not support a criminal contempt adjudication. The record must show facts to support proof that the contempt was committed *willfully*.

*Carter v. Commonwealth*, 2 Va. App. 392, 397, 345 S.E.2d 5, 9 (1986) (quoting 17 Am. Jur. 2d *Contempt* § 8 (1964)) (other citation omitted).

Impertinent conduct of a momentary nature which does not impede a proceeding does not amount to criminal contempt. There may be occasions in the heat of advocacy when conduct occurs that is injudicious. Such conduct warrants firm disapproval; however, it does not constitute contempt. *See McConnell*, 370 U.S. at 235 (reversal of contempt conviction where attorney persisted in questioning a witness after the judge ordered him to cease and attorney insisted he had a right to continue "unless some bailiff stop[ped] [him]"); *In re Carrow*, 40 Cal. App. 3d 924, 927, 115 Cal. Rptr. 601, 604 (1974)(reversal of contempt conviction for attorney's statement, "your honor, I submit this trial is becoming a

joke"); *In re Meizlish*, 72 Mich. App. 732, 741, 250 N.W.2d 525, 528 (1976)(reversal of contempt conviction where attorney told trial judge, "I maintain that you have conducted yourself in a manner which is disgraceful to the administration of justice"); *In re Johnson*, 467 Pa. 552, 557, 359 A.2d 739, 742 (1976)(reversal of contempt conviction where attorney told the jury that the trial judge acted in collusion with the Commonwealth's attorney by passing signals); *Commonwealth v. Garrison*, 478 Pa. 356, 390, 386 A.2d 971, 982 (1978)(reversal of contempt conviction where attorney resisted trial judge's order to be seated and remarked, "May my client be seated as well, or is he to be flagellated in front of the jury?").

When the evidence, as here, proves conduct that is "on the border line[,] we cannot say that beyond a reasonable doubt it oversteps the line and meets the essential requirements of the statute and constitutes contempt." *Weston*, 195 Va. at 186, 77 S.E.2d at 410. Ill-chosen words and ill-considered conduct in the heat of courtroom debate are sometimes the unfortunate byproduct of zealous advocacy. Admittedly, the line between zealous advocacy and obstruction cannot be strictly defined. However, conduct that is "persistent, vociferous, contentious, and imposing, even to the point of appearing obnoxious" is regrettable but not sufficient alone to prove contempt. *In re Dellinger*, 461 F.2d 389, 400 (7th Cir. 1972). "[S]ince our adversary system encourages vigorous advocacy to the point where lawyers sometimes forget themselves in the heat of combat, trial judges are not allowed to use the contempt power to ensure an atmosphere of decorous understatement. Disrespectful conduct is not contemptuous." *United States v. Lowery*, 733 F.2d 441, 446 (7th Cir.), *cert. denied sub nom. Wolfson v. United States*, 469 U.S. 932 (1984).

The recitation of the facts in the certificate fails to prove beyond a reasonable doubt that Baugh's conduct led to a "material disruption or obstruction." *United States v. Seale*, 461 F.2d 345, 369 (7th Cir. 1972) (citing *McConnell*, 370 U.S. at 236; *Michael*, 326 U.S. at 227; *Ex parte Hudgings*, 249 U.S. 378 (1919)). I would hold, therefore, that insufficient evidence was presented to convict Baugh of contempt of court under Code § 18.2-456. Accordingly, I dissent.