COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Causey, Chaney and Callins

KERRY LENNELL BOONE

                                     MEMORANDUM OPINION[*]

v.      Record No. 1277-23-1                      PER CURIAM
                                       DECEMBER 10, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

(Daymen Robinson, on brief), for appellant.

(Jason S. Miyares, Attorney General; Andrew T. Hull, Assistant
Attorney General, on brief), for appellee.

The circuit court convicted Kerry Lennell Boone of summary contempt under Code
§ 18.2-456(A)(1) in an appeal from the juvenile and domestic relations (JDR) district court under
Code § 18.2-459. Over Boone's objection at trial, the circuit court considered a certificate prepared
by the JDR judge specifying the factual basis for Boone's contempt conviction. In this appeal,
Boone challenges the sufficiency of the evidence supporting his conviction. He also argues that the
trial court violated his Sixth Amendment confrontation right by considering the JDR judge's
certificate without allowing Boone to cross-examine that judge at trial.

After examining the briefs and record in this case, the panel unanimously holds that oral
argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);
Rule 5A:27(a).

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

On June 28, 2022, Boone became upset during his preliminary hearing in the JDR court for a felony offense and told the judge, "[S]uck my dick." Deputies removed him from the courtroom. In response, the JDR judge held Boone in summary contempt under Code § 18.2-456(A)(1) and sentenced him to ten days in jail. The judge also continued the hearing, entering an order stating, "matter con[tinued] when [Boone] became disruptive; deputies had to remove [him] from [the] courtroom." Boone appealed his contempt conviction to the circuit court. Consistent with Code § 18.2-459, the JDR judge transmitted a certificate of Boone's contempt conviction to the circuit court. The certificate contained the JDR judge's handwritten notes explaining the basis for Boone's contempt conviction: "defendant became disruptive" and "told me to 'suck my dick.'"

Before the contempt trial, Boone moved to subpoena the JDR judge and cross-examine him at trial. Boone asserted that denying his request would violate his Sixth Amendment right to "compel witnesses in support of [his] defense." The trial court denied the motion.

At trial, the Commonwealth did not present any evidence. Over Boone's objection on Sixth Amendment confrontation grounds, the trial court considered the JDR judge's certificate specifying the facts underlying Boone's contempt conviction. Without objection, the trial court also considered the JDR court's continuance order documenting Boone's removal from the JDR courtroom by deputies due to his "disruptive" behavior.

Boone testified that his "conflict" with the JDR judge "started" about two weeks before the preliminary hearing, when the judge continued the hearing over his objection because the

---

[1] On appeal, we review the evidence "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

alleged victim refused to appear. Boone felt mistreated and asked the judge to recuse himself, but the judge denied the request. Boone testified that when the alleged victim later testified against him at the June 28, 2022 preliminary hearing, Boone asked his defense counsel to object to the prosecutor "lead[ing]" the witness. When his attorney ignored his request, Boone "stood up" and objected himself without requesting permission to do so. He told the judge that he wished to "proceed pro se" under "*Faretta versus California*"[2] because he believed that his counsel was "not upholding [his] Sixth Amendment [rights]" by raising his desired objection. Boone acknowledged that when the judge denied his request to proceed *pro se*, he "argu[ed]" with the judge for about "two minutes" until deputies "rushed [Boone] out of the courtroom." Boone denied resisting the deputies or that they told him to "be quiet [or] sit down" before removing him. Boone maintained that he "never cursed" at the judge.

During closing argument, Boone argued that the evidence was insufficient to prove that he misbehaved in the JDR court's presence, interrupted or obstructed the administration of justice, or acted with the requisite intent. He emphasized that although the JDR judge's certificate stated that he was "disruptive" during the hearing, the certificate did not specify "the nature of the disruption" and it was possible that he intended only to "exercise[] his constitutional right" to represent himself when he objected. Boone also emphasized that the Commonwealth introduced no evidence contradicting his denials that he insulted the judge or resisted the deputies.

The trial court found that Boone's testimony "corroborate[d] the certificate and the [other] evidence from the [JDR] Court." The court found that Boone acknowledged that he "stood up without permission" and "started objecting" during the preliminary hearing even though "[h]e was represented by counsel." Additionally, the court found that Boone confirmed

---

[2] 422 U.S. 806 (1975).

that "deputies had to remove him from the courtroom" after a two-minute argument with the JDR judge. Accordingly, the trial court found Boone in contempt under Code § 18.2-456(A)(1) and sentenced him to ten days in jail.

On appeal, Boone argues that the evidence was insufficient to support his conviction because it failed to prove that he misbehaved in the JDR court's presence and interrupted or obstructed the administration of justice and that he did so with the requisite intent. Boone also argues that the trial court violated his Sixth Amendment right to confront the government's witnesses by considering the JDR judge's certificate without allowing Boone to cross-examine that judge at trial.

ANALYSIS

I. Sufficiency

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

- 4 -

Code § 18.2-456(A)(1) authorizes courts and judges to issue attachments for contempt and "punish them summarily" for "[m]isbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice." Boone argues that to sustain a conviction under that statute, the evidence must establish four elements: "(1) misbehavior, (2) in the presence of the court, (3) done with intent to obstruct or interrupt the administration of justice, which (4) obstructs or interrupts the administration of justice." He contends that the evidence was insufficient because it failed to demonstrate that he misbehaved in the JDR court's presence and that he obstructed or interrupted the administration of justice. He also argues that the evidence failed to prove that he specifically intended to obstruct or interrupt the administration of justice. We address the arguments in turn.

A. Misbehavior

As noted, "[m]isbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice" is grounds for summary contempt. Code § 18.2-456(A)(1). Boone argues that his conviction under that subsection required proof that he both (1) committed misbehavior in the JDR court's presence and (2) that his misbehavior obstructed or interrupted the administration of justice. Asserting that "[m]isbehavior can only be punishable as contempt when it 'constitutes a clear and present danger or obstruction to the administration of justice[,]'" Boone argues that the evidence was insufficient because it did not demonstrate that he was "physically disruptive in court." He emphasizes that the JDR judge's certificate describing the incident was too vague to prove he obstructed or interrupted the administration of justice.

This Court has "never defined *misbehavior* in any definitive sense—nor could we." *Parham v. Commonwealth*, 60 Va. App. 450, 459 (2012). This is because the law presumes "that reasonable people understand the line between good and bad behavior, particularly when exhibited in open court in the presence of a judge." *Id.* Moreover, the common law has long-recognized that

- 5 -

contempt lies for any "act in disrespect of the court or its processes, *or* which obstructs the administration of justice." *Id.* at 456 (emphasis added) (quoting *Robinson v. Commonwealth*, 41 Va. App. 137, 142 (2003)). Consistent with the common law and the text of Code § 18.2-456(A)(1), we have held that "the necessity for showing an actual obstruction or interruption of justice does not apply to misbehavior 'in the presence of the court' but only to misbehavior 'so near thereto.'" *Id.* at 460 (quoting Code § 18.2-456(A)(1)). Accordingly, "[m]isbehavior the court directly sees or hears, . . . can be dealt with summarily," whereas misbehavior occurring outside the court's presence "must somehow obstruct or interrupt justice before it can be, if at all, the subject of summary contempt." *Id.*

Applying the above principles, we have held that a litigant's "disrespectful" expression of "insolent thoughts" to a judge in response to an "adverse judicial ruling" constitutes "[m]isbehavior in the presence of the court." *Id.* at 459. Thus, in *Parham*, we found that the evidence sufficed to prove a defendant violated Code § 18.2-456(A)(1) where she "balled up" a copy of an order and a summons a deputy handed her immediately following an adverse ruling from the trial judge. *Id.* at 454. Similarly, we have held that an attorney misbehaved in a district court's presence by expressing disapproval of the judge's evidentiary rulings, turning his back to the judge, and—after the court granted his motion to withdraw as counsel—telling the judge, "Good, now you can appoint somebody that will plead [my client] guilty." *Baugh v. Commonwealth*, 14 Va. App. 368, 371 (1992).[3]

The record supports the trial court's finding that Boone misbehaved in the JDR court's presence. The certificate of conviction from the JDR judge indicated that Boone became "disruptive" during a hearing and told the judge to "suck my dick." At trial, Boone acknowledged

---

[3] *Baugh* was partially abrogated on other grounds in *Gilman v. Commonwealth*, 275 Va. 222, 231 n.2 (2008).

that during the preliminary hearing at the JDR court, he "stood up and attempted to proceed pro se" without permission and objected during the alleged victim's testimony even though he was represented by counsel. *See Baugh*, 14 Va. App. at 371. Additionally, Boone confirmed that when the JDR judge denied his request to proceed *pro se*, he argued with the judge for two minutes until deputies removed Boone from the courtroom. That evidence demonstrates that Boone "disrespectful[ly]" expressed "insolent thoughts" to the JDR judge in response to an "adverse judicial ruling." *Parham*, 60 Va. App. at 459. Accordingly, the evidence sufficed to prove that he committed "[m]isbehavior in the presence of the court." Code § 18.2-456(A)(1).

Although Boone denied insulting the JDR judge, the trial court was not required to accept that testimony. Indeed, it is well established that where other evidence supports a defendant's guilt, the fact finder, as sole judge of witness credibility, may "disbelieve the defendant who professes his innocence at trial" and conclude that his testimony is false. *Camann v. Commonwealth*, 79 Va. App. 427, 444 (2024). Given the JDR judge's unequivocal statement in the certificate indicating that Boone insulted him directly, the trial court could infer that Boone's contrary testimony was false. *Id.*

Moreover, Boone's argument that he could not be convicted without proof that his misbehavior obstructed or interrupted the administration of justice is misplaced. As noted, "the necessity for showing an actual obstruction or interruption of justice does not apply to misbehavior 'in the presence of the court' but only to misbehavior 'so near thereto.'" *Parham*, 60 Va. App. at 460 (quoting Code § 18.2-456(A)(1)). The record here demonstrates that all of Boone's conduct occurred before the JDR judge during court proceedings.

B. Intent

"Intent is the purpose formed in a person's mind and may, like any other fact, be shown by circumstances, including the 'words or conduct' of the alleged offender." *Fary v.*

- 7 -

*Commonwealth*, 77 Va. App. 331, 342 (2023) (en banc) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228-29 (2018)), *aff'd*, 303 Va. 1 (2024). Whether a defendant possessed the requisite intent is "a factual question which lies peculiarly within the province of the [trier of fact]." *Id.* at 343 (alteration in original) (quoting *Hughes v. Commonwealth*, 18 Va. App. 510, 519 (1994) (en banc)).

Boone argues that his conviction under Code § 18.2-456(A)(1) required proof that he specifically intended "to obstruct . . . the administration of justice" when he misbehaved in the JDR court's presence. He concedes that his comments to the JDR judge were "irritating and disrespectful" but maintains that nothing proved that he intended to "obstruct justice" when he made them. Boone suggests that he only intended to "assert his constitutional right to represent himself."

Summary contempt under Code § 18.2-456(A)(1) is not "a specific-intent" offense. *Abdo v. Commonwealth*, 64 Va. App. 468, 476 (2015). Rather, "willfulness or recklessness satisfies the intent element necessary for a finding of criminal contempt" under that subsection. *Id.* at 477. "The word [willful] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But when used in a criminal statute it generally means an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely[.]" *Id.* (quoting *Barrett v. Commonwealth*, 268 Va. 170, 183 (2004) (alterations in original)). "The term 'willful act' [in a statute] imports knowledge and consciousness that injury will result from the act done. The act done must be intended or it must involve a reckless disregard for the rights of another and will probably result in an injury." *Id.* (quoting *Barrett*, 268 Va. at 183).

In *Parham*, we held that the defendant acted willfully when she "balled up" the JDR judge's summons and order because the defendant "intended to display—to both the court and all others in the courtroom—her contemptuous disrespect for the JDR court and its decision." 60 Va. App. at 459-60. Likewise, in *Baugh*, we held that the defendant's disrespectful response to the district court

judge's adverse ruling was willful because it demonstrated that the defendant "intended to use" the trial "'as a forum . . . to attack' the district court judge" and that the "defendant 'knew what he did' and 'meant to do it.'" 14 Va. App. at 374-75 (alteration in original).

Here, the evidence at trial established that Boone interrupted the JDR court proceedings without permission to object during the alleged victim's testimony and demand to represent himself. When the JDR judge denied his request, he insulted the judge and argued with him until deputies removed Boone, necessitating a continuance. That evidence permitted the trial court to find that Boone deliberately used the preliminary hearing "'as a forum . . . to attack' the district court judge," *id.* (alteration in original), and "intended to display . . . h[is] contemptuous disrespect for the JDR court and its decision," *Parham*, 60 Va. App. at 459-60. Accordingly, the evidence sufficed to prove that Boone "willful[ly]" misbehaved in the JDR court's presence. *Abdo*, 64 Va. App. at 477.

## II. Admissibility and Confrontation

Determining the "'admissibility of evidence is within the discretion of the trial court,' and an appellate court will not reject such decision absent an 'abuse of discretion.'" *Williams v. Commonwealth*, 71 Va. App. 462, 487 (2020) (quoting *Tirado v. Commonwealth*, 296 Va. 15, 26 (2018)). The abuse-of-discretion standard "includes review to determine that the discretion was not guided by erroneous legal conclusions." *Carter v. Commonwealth*, 293 Va. 537, 543-44 (2017) (quoting *Porter v. Commonwealth*, 276 Va. 203, 260 (2008)). In conducting our abuse-of-discretion analysis, "we review the trial court's statutory interpretations and legal conclusions *de novo*." *Auer v. Commonwealth*, 46 Va. App. 637, 643 (2005) (quoting *Rollins v. Commonwealth*, 37 Va. App. 73, 79 (2001)); *see also Cortez-Rivas v. Commonwealth*, 300 Va. 442, 444 (2022) (observing that appellate courts review de novo "whether the admission of evidence violates a defendant's confrontation right" (quoting *Logan v. Commonwealth*, 299 Va. 741, 745 (2021))).

Boone contends the trial court erred by considering the JDR judge's certificate of conviction under Code § 18.2-459.  He maintains that by admitting the certificate without allowing him to cross-examine the JDR judge, the trial court violated his Sixth Amendment right to confront his accuser.

Code § 19.2-271 makes judges "[in]competent to testify in any criminal or civil proceeding as to any matter which came before him in the course of his official duties" except in cases in which the judge "is the victim of a crime."  We have held that statute prohibits a judge who "simply witnesses contemptuous behavior" but is not the victim of a crime from testifying in contempt proceedings in circuit court; "contempt . . . is an offense against the dignity of the court [thus] the court, not the judge, is the victim."  *Epps v. Commonwealth*, 47 Va. App. 687, 705, 707 (2006) (en banc).

Code § 18.2-459, however, "provides a narrow exception to Code § 19.2-271 by allowing a district court judge, *by way of certificate*, to testify as a witness in circuit court" in certain cases.  *Id.* at 707 (emphasis added).  That statute specifies that if a defendant appeals a conviction for summary contempt to a circuit court, the district court judge must transmit a "certificate of the conviction and the particular circumstances of the offense" to the circuit court.  *Id.*  Then, the circuit court judge, sitting without a jury, "*may hear the case upon the certificate* and any legal testimony adduced on either side, and make such order therein as may seem to him proper."  *Id.* at 706 n.3 (emphasis added) (quoting then-Code § 18.2-459; in the 2013 amendment of Code § 18.2-459 "may" was substituted with "shall," 2013 Va. Acts c. 615).

The Supreme Court of the United States has held that contempt proceedings are not "criminal prosecutions" and, thus, do not implicate a defendant's Sixth Amendment trial rights.  *Levine v. United States*, 362 U.S. 610, 616 (1960); *see id.* ("Procedural safeguards for criminal contempts do not derive from the Sixth Amendment.").  Accordingly, the Supreme Court of

Virginia has held that a circuit court judge does not violate a defendant's Sixth Amendment right to confrontation by considering a district court judge's certificate in contempt proceedings under Code § 18.2-459. *Gilman v. Commonwealth*, 275 Va. 222, 228 (2008); *see also Parham*, 60 Va. App. at 461 ("No litigant in a summary contempt case has a right to cross-examine the judge.").

Nevertheless, Boone invites this Court to overturn the above precedents and hold instead that a circuit court violates a defendant's Sixth Amendment right to confrontation by considering a district court judge's certificate in proceedings under Code § 18.2-459 unless the defendant is permitted to cross-examine the district court judge. Under the inter-panel accord doctrine, however, "a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of *stare decisis* until overruled by a decision of the Court of Appeals sitting *en banc* or by a decision of [the Supreme] Court." *Brown v. Commonwealth*, 68 Va. App. 44, 51 n.1 (2017) (quoting *Johnson v. Commonwealth*, 252 Va. 425, 430 (1996)). Moreover, this Court is "bound by the decisions of the Supreme Court of Virginia" and the Supreme Court of the United States and is "'without authority to overrule' them." *Warren v. Commonwealth*, 69 Va. App. 659, 669 (2019) (quoting *O'Malley v. Commonwealth*, 66 Va. App. 296, 301 (2016)). That precedent compels the conclusion that Code § 19.2-271 barred the JDR judge from testifying in Boone's contempt proceedings under

Code § 18.2-459[4] and that the trial court did not violate Boone's Sixth Amendment confrontation rights by considering the JDR judge's certificate.[5]

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[4] Boone does not argue that the JDR judge was a "victim of a crime" under Code § 19.2-271 and, therefore, should have been permitted to testify in his trial. *See Epps*, 47 Va. App. at 708 n.4 (noting that it is an open question "whether a judge can be the victim of contempt if the contemptible behavior is directed at and personal to the individual judge"). Accordingly, we do not address that issue.

[5] To the extent that Boone's brief may be construed as also arguing that the trial court's denial of his request to subpoena the JDR judge violated his Sixth Amendment right to compulsory process, we are bound by the Supreme Court's holding in *Levine* that the Sixth Amendment does not apply to contempt proceedings. 362 U.S. at 616; *Warren*, 69 Va. App. at 669.