# Wythebille

## EASTERN FINANCE COMPANY, A SMALL LOAN CORPORATION v. CHARLES HENRY GORDON.

June 8, 1942.

Record No. 2547.

Present, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*James G. Martin & Son*, for the appellant.

*Kearney & Kearney*, for the appellee.

EGGLESTON, J., delivered the opinion of the court.

Eastern Finance Company, a Small Loan Corporation, sometimes hereinafter called the plaintiff, filed its bill in the court below against Charles Henry Gordon, sometimes hereinafter referred to as the defendant, alleging that on August 31, 1940, the parties entered into a written contract whereby Gordon was employed as the manager of the plaintiff's Newport News office for a term of five years beginning on September 1, 1940, at the salary of $180 per month; that Gordon had agreed in the contract that he would not "engage in the small loan business on his own account either directly or indirectly or as an employee or associate of any other person, corporation or partnership * * * for a period of two (2) years from the date of the termination of the employment under this contract, within the First Congressional District of Virginia"; that on December 6, 1940, Gordon "resigned his employment with the plaintiff and almost immediately thereafter entered into the employment of Old Dominion Small Loan Company, a competitor of the plaintiff, in the City of Newport News, Elizabeth City County, and generally throughout said First Congressional District of Virginia," and continued to be so employed in violation of the terms of the contract; and that in his new employment the defendant, Gordon, was "taking business away from plaintiff and dealing with the customers of plaintiff and using in competition with the plaintiff the secrets and information he obtained as an employee of the plaintiff," greatly to its damage. The bill prayed that Gordon be "temporarily and permanently enjoined from violating his contract" with the plaintiff.

The defendant filed an answer admitting the execution of the contract of employment with the plaintiff and the terms

thereof, the termination of the contract, and his employment by the Old Dominion Small Loan Company, a competitor of the plaintiff, as alleged in the bill. But he alleged that at the time of the termination of the contract of employment with the plaintiff the latter had agreed, in consideration of his resignation, that he might resume his connection with the Old Dominion Small Loan Company, by which he had been formerly employed.

Upon the consideration of an affidavit filed by the defendant, Gordon, and a counter-affidavit filed on behalf of the plaintiff corporation, the chancellor, over the objection of the plaintiff, directed an issue out of chancery and impaneled a jury to try the issue, "Whether as part of the consideration for the defendant's resignation it was agreed by the plaintiff that the defendant could resume his former employment in the City of Newport News, Virginia, with the Old Dominion Small Loan Company."

After the jury had heard the evidence and had been instructed by the court, it answered the issue by a verdict in favor of Gordon.

The chancellor declined to set aside the verdict on the pivotal issue and entered a decree dismissing the bill. From this decree the plaintiff Finance Company has appealed.

The first assignment of error is that the lower court erred in directing the issue out of chancery. The basis of this contention is that the affidavit filed by the defendant was wholly insufficient to warrant the direction of the issue. The material portion of Gordon's affidavit is as follows:

"That he is the defendant in the chancery cause now pending in the Circuit Court of Elizabeth City County, Virginia, under the style of Eastern Finance Company, a Small Loan Corporation, v. Charles Henry Gordon, the object of which is to obtain an injunction to prevent the defendant, Charles Henry Gordon, from engaging in the small loan business in the First Congressional District of Virginia, in violation of the contract of August 31, 1940, between the said Charles Henry Gordon and the Eastern Finance Company.

"And the affiant states further that the case will be ren-

dered doubtful by the conflicting evidence of the plaintiff as to whether it was agreed between the plaintiff and defendant at the time the defendant submitted his resignation to the plaintiff, upon the demand of the plaintiff, that the defendant, Charles Henry Gordon, might go back to his former employment with the Old Dominion Loan Company, if he would submit his resignation as an officer and employee of the Eastern Finance Company.

"The affiant states further that in the trial of this case the outcome will be rendered doubtful by conflicting evidence in regard to,

\*  \*  \*  \*  \*  \*  \*  \*  \*

"(c)   Whether as part of the consideration for the defendant's resignation it was agreed by the plaintiff that the defendant could resume his former employment in the City of Newport News, Virginia, with the Old Dominion Small Loan Company.

"The affiant further represents that he is of the opinion, in view of the plaintiff's action against him, that it will deny the issues set forth as \* \* \* (c) above and that there will be much and conflicting testimony introduced by both the plaintiff and defendent in regard to these facts and that the same are questions of fact and should be submitted to a jury on an issue out of chancery in accordance with Section 6246 of the Code of Virginia.

"For the reasons stated above the affiant avers that there will be a conflict of witnesses between the plaintiff and defendant to such an extent it makes it absolutely doubtful on which side the preponderance of evidence lies and an issue out of chancery ought to be ordered."

Code, section 6246, provides that:   "Any court in which a chancery case is pending may direct an issue to be tried in such court or in any circuit or corporation court, and the court shall have the discretion to direct such an issue to be tried before any proof has been taken by either the plaintiff or defendant if it shall be shown by affidavit or affidavits after reasonable notice that the case will be rendered doubtful by the conflicting evidence of the opposing party."

The general principles applicable to the direction of an issue out of chancery under this statute have been stated and restated many times by this court. They need not be repeated here. The object of an issue is to satisfy the conscience of the chancellor in a doubtful case. But it is not to be directed merely because the evidence is contradictory. The conflict of evidence must be great and its weight so nearly evenly balanced that the court is unable or with difficulty able to determine where preponderance lies. It is a matter within the sound judicial discretion of the chancellor and is subject to review on appeal. *Stevens* v. *Duckett*, 107 Va. 17, 20, 57 S. E. 601; *Hook* v. *Hook*, 126 Va. 249, 254, 101 S. E. 223; *Bunkley* v. *Commonwealth*, 130 Va. 55, 108 S. E. 1; *Harris v. Citizens Bank, etc., Co.*, 172 Va. 111, 133, 200 S. E. 652, 660.

In *Stevens* v. *Duckett, supra* (107 Va., at pages 21, 22), it was held that the affidavit of a litigant and his counsel that, in their opinion, "the case will be .rendered doubtful by the conflicting evidence of the opposing party," following the precise language of the statute, was not sufficient to warrant the chancellor in ordering an issue. It was there said that the affidavit must contain sufficient "facts" for the chancellor to determine, in the exercise of his sound discretion, whether the issue should be directed.

See also, *Bunkley* v. *Commonwealth, supra; Price's Ex'r* v. *Barham*, 147 Va. 478, 491, 137 S. E. 511; *Southgate* v. *Sanford, etc., Co.*, 147 Va. 554, 559, 137 S. E. 485; *Boswell* v. *Lipscomb*, 172 Va. 33, 40, 41, 200 S. E. 756, 758.

The Finance Company earnestly contends that the affidavit of the defendant, Gordon, upon which the trial court acted in granting this issue, comes within the condemnation of these cases. With this contention we can not agree.

It will be observed that the affidavit here goes much further than merely stating, in the language of the statute, that "the case will be rendered doubtful by the conflicting evidence of the opposing party." It sets out clearly the disputed facts and the point on which the case will turn, namely, "whether

it was agreed between the plaintiff and defendant at the time the defendant submitted his resignation to the plaintiff, upon the demand of the plaintiff, that the defendant, Charles Henry Gordon, might go back to his former employment with the Old Dominion Loan Company, if he would submit his resignation as an officer and employee of the Eastern Finance Company." It states that the plaintiff Finance Company "will deny" the contention made by the defendant with respect to this issue, and that the "testimony introduced by both the plaintiff and defendant in regard to these facts" will be "conflicting".

Moreover, at the time this affidavit was presented, the court had before it the bill in which the plaintiff had alleged that Gordon had re-entered the "small loan business" in violation of his contract with the plaintiff, and the defendant's answer in which it was expressly alleged that the plaintiff had agreed to the defendant's resumption of his employment with the Old Dominion Small Loan Company.

The court knew from the pleadings, as well as from the affidavit, precisely what the crucial issue in the case was and what the respective parties would contend with reference thereto. It is difficult to see how the affidavit could have been amplified unless it had set out in detail precisely what the witnesses would have tetsified to, and this, we think, was not required.

While the sharp issue of fact thus presented might have been heard and determined by the chancellor, we can not say that it was an abuse of his sound judicial discretion to have sought the aid of a jury in order to satisfy his conscience with respect to it. His judgment in arriving at whether an issue should be directed, as in other cases, is presumed to be correct. *Harris* v. *Citizens Bank, etc., Co., supra* (172 Va., at page 133, 200 S. E., at page 660).

It is next argued that the evidence is not sufficient to support the verdict of the jury and should, therefore, have been stricken, or else the verdict should have been set aside. There is no merit in this contention.

It is not necessary that the evidence be reviewed in detail. Suffice it to say that Gordon testified, in substance, that his resignation was demanded and obtained without sufficient cause and over his vigorous protest, that he had been recently married and was dependent upon his salary for support, that there was a dispute between him and the company as to what salary he was entitled to upon his discharge, and as to whether he should be charged with certain bad debts which the company had incurred during his term of office, and that Joseph M. Tusing, acting on behalf of the Finance Company, agreed that if he (Gordon) would resign and settle on the company's terms, he could resume his former employment with the Old Dominion Small Loan Company in Newport News. Gordon further testified that he accepted this proposition, resigned his position, and settled with the company on this basis.

Tusing denied flatly that he had made any such agreement with Gordon.

Ziv, the chairman of the board of directors of the Finance Company, testified that at the time Gordon signed the letter of resignation, which was some days subsequent to Gordon's conversation with Tusing, he (Gordon) requested that the company waive the provision in the contract which prohibited his resuming his employment with the Old Dominion Small Loan Company, and that he (Ziv) told Gordon that this matter would have to be passed upon by the board of directors. Ziv's testimony in this respect is corroborated by that of the local counsel for the Finance Company.

Gordon, on the other hand, testified that he had no such conversation or negotiations with Ziv.

These contentions on the part of the respective parties were, of course, pure questions of fact which were resolved in favor of Gordon by the jury's verdict, approved by the trial court. We can not say that the right conclusion was not reached.

It is urged that the record does not show that Tusing had the authority to waive the provisions of the written

contract and permit Gordon to resume his employment with the Old Dominion Small Loan Company. The minutes of the board of directors show that the finance committee, of which Tusing was chairman, "was authorized to seek the resignation of Mr. Charles H. Gordon as general manager of the company's affairs in Newport News, Virginia, and to make such settlement with Mr. Gordon for salaries in lieu of notice as they should deem proper in their discretion." Acting under this authority, Tusing demanded and obtained Gordon's resignation, made a settlement with him, took charge of the affairs of the Newport News office, employed one Thompson to take Gordon's place, and later became president of the company. The company, on its part, clearly ratified Tusing's acts and accepted the benefit of the settlement which he made with Gordon. It is, therefore, estopped to deny his authority.

The Finance Company next contends that Tusing's agreement to release Gordon from his obligation to abstain from re-employment with the Old Dominion Small Loan Company, if made, was not binding on it, the Finance Company, because it was not supported by a valuable consideration. The answer is that according to Gordon's testimony, which has been accepted by the jury, he was permitted to resume his employment with the Old Dominion Small Loan Company in consideration of his resignation and as a part of his settlement with the Finance Company.

Finally, it is contended that the trial court erred in the admission of irrelevant and prejudicial testimony before the jury. To review the evidence objected to in detail would unduly prolong this opinion to no good purpose. While, perhaps, some of the evidence was of doubtful probative value, in our opinion its admission was not reversible error. It is well settled that a motion for a new trial, in an issue out of chancery, is governed by somewhat different rules from those obtaining in an action at law, and that if the competent evidence justifies the decree it will not be reversed because incompetent evidence was admitted before the jury. *Brockenbrough's Ex'rs* v. *Spindle's Adm'rs,* 17

Gratt. (58 Va.) 21, 28; *Powell* v. *Manson*, 22 Gratt. (63 Va.) 177, 192; *Repass* v. *Richmond*, 99 Va. 508, 516, 39 S. E. 160.

Looking to the entire record before us, we are of opinion that the competent evidence justifies the decree of the chancellor who heard and saw the witnesses and approved the jury's verdict.

The decree complained of is

*Affirmed.*