## CIRCUIT COURT OF THE CITY OF ROANOKE

In re Shelly Elizabeth Nichols
In re Courtney Ann Wood
In re Mary Beth Wood

February 17, 1989

Case Nos. CJ89-12, CJ89-13, CJ89-14

By JUDGE CLIFFORD R. WECKSTEIN

These are cases in which petitions for child custody were filed in the Roanoke City Juvenile and Domestic Relations District Court. From final Orders entered in that Court, appeals were duly noted. The mother of the children has filed a motion, supported by affidavit of counsel, requesting that the custody issue be tried by a jury. The father has filed written objections to the motion. The motion was argued on February 16, 1989.

The motion recites that it is filed "pursuant to Section 8.01-336(E) of the Code of Virginia." This statute reads:

> E. *Issue out of chancery.* In any suit in equity, the court may, of its own motion or upon motion of any party, supported by such party's affidavit that the case will be rendered doubtful by conflicting evidence of another party, direct an issue to be tried by a jury.

Appeals from Juvenile and Domestic Relations District Courts are governed by Code § 16.2-296, which reads, in pertinent part:

> In all other cases on appeal, proceedings in the circuit court shall conform to the equity

> practice where evidence is heard ore tenus; however, an issue out of chancery may be allowed, in the discretion of the judge, upon motion of any party.

Both under the statute applicable to appeals from the Juvenile and Domestic Relations District Court and under the statute cited by the mother, what is involved is an issue out of chancery, an advisory jury. "The question whether 'an issue out of chancery may be allowed' is committed to the sound discretion of the trial judge Code Section 16.1-296; *see also Crebs v. Jones*, 79 Va. 381, 385-386 (1884)." *Edwards v. County of Arlington*, 5 Va. App. 294, 314, 361 S.E.2d 644 (1987).

In *Edwards*, the Court of Appeals of Virginia, affirming the trial court's decision not to allow a request for a jury in a termination of parental rights case appealed from a Juvenile and Domestic Relations District Court, noted that the record did "not reflect that the factual issues to be decided were necessarily more appropriate for a jury than for the judge." Therefore, the Court held, no abuse of discretion had been demonstrated. *Id.*

The Virginia Supreme Court recently reaffirmed long-standing principles about issues out of chancery.

> The object of an issue is to satisfy the conscience of the chancellor in a doubtful case. But it is not to be directed merely because the evidence is contradictory. The conflict of evidence must be great and its weight so nearly evenly balanced that the court is unable to with difficulty able to determine where preponderance lies. It is a matter within the sound judicial discretion of the chancellor and is subject to review on appeal.

*Nelms v. Nelms*, 236 Va. ---, 374 S.E.2d 4, 5 V.L.R. 883, 894 (1988), quoting *Eastern Finance Co. v. Gordon*, 179 Va. 674, 680, 20 S.E.2d 522, 524-525 (1942).

In these cases the affidavit of the mother's attorney sets forth three areas about which it is alleged "the outcome will be rendered doubtful by conflicting evidence": (i) "the mother's changed circumstances, i.e., change

of employment from truck driver to in-home seamstress"; (ii) the "father's changed circumstances, i.e., remarriage . . . and children's alleged mistreatment by new step-mother"; and (iii) the alleged expression by a thirteen-year old of a preference to live with her mother. (Counsel, in argument, indicated that the younger children may also wish to express preferences.)

To the extent that these inquiries raise factual issues at all, they are not, in my mind, more appropriate for resolution by a jury than by a judge. Rather, they are precisely the sort of questions that chancellors have decided without assistance of a jury for hundreds of years. "The wisdom of granting broad latitude to *the trial judge* in determining the best interest of children in custody disputes is that by so doing the interests of children are truly protected by the courts." *Turner v. Turner*, 3 Va. App. 31, 37, 348 S.E.2d 21 (1986) (Emphasis added) (remarriage and child's expressed wishes in issue). There is nothing in this affidavit but mere conclusory language from which I could determine that a judge would be unable or only with difficulty able to decide where preponderance lies.

I am of the opinion that "best interests of the children" questions, as raised in counsel's affidavit, *see Keel v. Keel*, 225 Va. 606, 611, 303 S.E.2d 917 (1983), are, in the normal course, best decided by judges without advisory juries; I am likewise of the opinion that, normal-ly, judges are well-suited, without the advice of juries, to determine the weight and effect to be afforded to the testimony of a child of the age of discretion concerning her preference about a custodial parent. While I might abuse my discretion were I to hold that an issue out of chancery would *never* be allowable in a child custody case appealed from a Juvenile and Domestic Relations District Court, I hold, in the exercise of discretion, that no advisory jury will be empanelled in *this* custody case.