**Salem**

RODNEY KESSLER

v.

COMMONWEALTH OF VIRGINIA

No. 1246-92-3

Decided March 8, 1994

Counsel

J. Harold Eads, for appellant.

Kathleen B. Martin, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

Opinion

**MOON, C.J.**—Appellant, Rodney Kessler, was sentenced to eleven months in jail on the charge of contempt of court. On appeal, Kessler argues that the trial court erred in denying his request for a jury trial on the contempt charge and that the evidence was insufficient to sustain the trial court's finding of contempt for failure to pay child support. Because we hold that the trial court improperly denied Kessler's request for a jury trial, we reverse the judgment and remand.

Kessler was ordered by the Botetourt County Juvenile and Domestic Relations District Court to pay weekly child support to his ex-wife. Pursuant to Code § 20-115, a show cause summons was issued by the juvenile court against Kessler for failure to pay the support as ordered.

Kessler was found guilty of contempt of court for failure to pay child support, and the juvenile court imposed a twelve month jail sentence. Kessler appealed the ruling to the Botetourt County Circuit Court, where he requested and was denied a jury trial. At trial, a representative from the Division of Child Support Enforcement testified that Kessler's arrearage as of March 31, 1992 was $18,369.39. This figure was confirmed by Kessler's ex-wife.

The trial court found that Kessler had a long-established pattern of willful failure to pay child support and found him in contempt of court. The court sentenced Kessler to serve eleven months in jail for contempt and ordered him to continue making

support payments as previously set by the Botetourt County Juvenile and Domestic Relations District Court. The order contained no provision that enabled Kessler to purge the contempt by paying the support arrearage.

No Virginia appellate court has ruled whether a defendant is entitled to a trial by jury in a proceeding on a charge of contempt of court for non-support. Kessler was tried under Code § 20-115, for failure to comply with a decree for support, which allows for a sentence of up to twelve months in jail. This section is silent on the issue of whether a defendant is entitled to a trial by jury. Before considering whether Kessler had a right to a jury trial, we must decide whether his contempt charge is criminal or civil in nature.

■ "It is not the fact of punishment, but rather its character and purpose, that often serve to distinguish between . . . [civil and criminal contempt]." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911). The punishment is criminal in nature if it is determined and unconditional. *Hicks v. Feiock*, 485 U.S. 624, 633 (1988). The punishment is civil if it is conditional, and a defendant can avoid a penalty by compliance with a court's order. *Id.* at 633.

■ "A proceeding for criminal contempt is a quasi-criminal proceeding between the public and the violator." *Deeds v. Gilmer*, 162 Va. 157, 261, 174 S.E. 37, 78 (1934). In a criminal contempt proceeding, the trial court may always punish the violator for the purpose of upholding the authority and dignity of the court. *Id.* In a contempt proceeding of this nature, the punishment imposed is a fine and/or imprisonment. *Id.* at 262, 174 S.E. at 78.

■ "A proceeding for civil contempt partakes more of the nature of a remedial civil proceeding than it does of the nature of a criminal proceeding. Its main purpose is to procure the imposition of a punishment which will afford remedial relief to the parties injured." *Id.*

Although the court ruled that Kessler was being tried for civil contempt for not paying support, its sentence was in the nature of punishment for. the offense of violating the court's order. The contempt order sentenced Kessler to jail without making any provision that enabled him to purge himself of contempt. Such a pen-

alty is a criminal sanction rather than a civil sanction. He had to serve eleven months in jail regardless of whether he paid all or part of the arrearage.

Having found that the contempt was criminal, we now decide whether Kessler had and was denied a right to a jury trial. In *Baugh v. Commonwealth*, 14 Va. App. 368, 417 S.E.2d 891 (1992), the defendant argued that the right to a trial by jury in Virginia attaches to any offense that is punishable by imprisonment. This Court disagreed and held that "[t]here has been general recognition of the fact that the courts are clothed with [the power to punish for contempt], and must be authorized to exercise it without referring the issues of fact or law . . . to a jury." *Id.* at 374, 417 S.E.2d at 895 (quoting *Nicholas v Commonwealth*, 186 Va. 315, 321, 42 S.E.2d 306, 309 (1947)). However, the Court further recognized "that the unbridled authority of courts to punish for criminal contempt in the absence of a jury is limited to 'petty contempts,' with a penalty *not exceeding six months*." *Id.* (emphasis added) (citations omitted).

When this case was to be heard *de novo* in the circuit court, if Kessler was to be subject to a sentence in excess of six months in jail, he was entitled to a jury trial. Because Kessler was sentenced to eleven months in jail, it is apparent that he was subject to a sentence in excess of six months. Accordingly, because Kessler was denied a jury and his sentence exceeded six months with no provision enabling him to purge his contempt, the trial court erred in denying his request for a jury trial. The judgment is therefore reversed, and the case is remanded.

*Reversed and remanded.*

Coleman, J., and Willis, J., concurred.