COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Coleman and Bray
Argued at Richmond, Virginia


JOHN R. ZAMPOLIN

                              MEMORANDUM OPINION[*] BY
v.   Record No. 0419-99-2   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                 DECEMBER 28, 1999
MARY ELIZABETH BARNUM


         FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   Theodore J. Markow, Judge

         David B. Hargett (Joseph D. Morrissey;
         Morrissey, Hershner & Jacobs, on brief), for
         appellant.

         Susan C. Armstrong (Melissa J. Roberts;
         Mays & Valentine, on brief), for appellee.


     In this domestic relations case, John R. Zampolin

(Zampolin) appeals the trial court's order awarding Mary

Elizabeth Barnum (Barnum) $175,602.65 in child and spousal

support arrearages.  At trial, Zampolin requested and the trial

court ordered an issue out of chancery to determine whether the

parties had agreed that Zampolin would pay the tuition for a

private school for the minor child in lieu of making support

payments.  The jury found that no such agreement existed.  The

sole issue raised on appeal is whether the trial court erred in

_____

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

refusing to instruct the jury regarding Zampolin's theory of equitable estoppel.  Finding no error, we affirm.

                              I.

On appeal, we construe the evidence in the light most favorable to Barnum, the prevailing party below, granting to her evidence all reasonable inferences fairly deducible therefrom. See Donnell v. Donnell, 20 Va. App. 37, 39, 455 S.E.2d 256, 257 (1995) (citing McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990)).  So viewed, the evidence established that on January 4, 1990, the parties were awarded a divorce. The trial court ordered equitable distribution of the marital property and ordered Zampolin to pay Barnum $400 per month spousal support and $1,000 per month child support.

In 1992, the parties sent the minor child to a private school.  At the hearing in this matter, husband testified that the parties had agreed that, in lieu of making support payments, he would pay the tuition for the private school, which varied between $7,600 and $9,700 per year.[1]  Husband did not pay either spousal or child support between 1992-97.

In 1997, Barnum filed a petition seeking an award for full support arrearage.  She argued that there was no agreement

_____

[1] Defendant's Exhibit 3 provides that Zampolin made the following tuition payments:  $9,383.32 in 1992-93, $9,040.21 in 1993-94, $7,682.52 in 1994-95, $8,565.99 in 1995-96, $9,431.62 in 1996-97, and $9,778.83 in 1997-98.

-

between the parties and that Zampolin's payment of tuition expenses was voluntary.

Over Barnum's objection, the trial court granted Zampolin's Motion to Direct an Issue Out of Chancery to determine "whether the parties entered into an oral agreement whereby they agreed that [Zampolin] would pay for their child's tuition . . . and other reasonable expenses in lieu of the previously ordered child support, and whether the contract was performed." The trial court declined to refer the issue of "whether [Barnum's] actions were such that she should be estopped from denying that the parties entered into such an agreement." Instead, the trial court ruled that the issue of estoppel was a legal question to be determined by the court.

Prior to the presentation of evidence to the jury, Zampolin agreed that his theory of estoppel was a legal question to be decided by the trial court.[2]  However, at the conclusion of the

---

[2] The following colloquy occurred:

> COURT: . . . [T]he estoppel issue is not even relevant unless you have an agreement.
>
> [ZAMPOLIN'S COUNSEL]: Right. I think the jury has to decide if there was an agreement.
>
> COURT: If there is an agreement, then you don't need to worry about estoppel. Or if there's an agreement and if the facts support an estoppel, that's my call rather than a jury call, isn't it?
>
> [ZAMPOLIN'S COUNSEL]: I agree.

-

evidence, Zampolin requested the trial court to instruct the jury regarding the legal principle of estoppel.  The trial court denied the proposed instruction, stating:  "You don't get to the estoppel question unless you prove . . . Barnum represented to [Zampolin] that she would allow him to pay for their school tuition instead of paying her monthly support payments ordered by the Court.  That's the agreement. . . . And if she didn't, then there is no agreement."

Following deliberations, the jury found that Zampolin did not prove the existence of an agreement between the parties.  Accordingly, the trial court ordered Zampolin to pay Barnum $175,602.65 in child and spousal support arrearages, including interest and attorney's fees.

## II.

Code § 18.2-336(E) provides that "[i]n any suit in equity, the court may, of its own motion or upon motion of any party, supported by such party's affidavit that the case will be rendered doubtful by conflicting evidence of another party, direct an issue to be tried by a jury."  The decision whether to direct an issue out of chancery lies with the sound discretion of the chancellor.  See Nelms v. Nelms, 236 Va. 281, 290, 374 S.E.2d 4, 10 (1988).

> The object of an issue is to satisfy the conscience of the chancellor in a doubtful case.  But it is not to be directed merely because the evidence is contradictory.  The conflict of evidence must be great and its

-

> weight so nearly evenly balanced that the
> court is unable or with difficulty able to
> determine where preponderance lies.  It is a
> matter within the sound judicial discretion
> of the chancellor and is subject to review
> on appeal.

Eastern Finance Co. v. Gordon, 179 Va. 674, 680, 20 S.E.2d 522,

524-25 (1942) (citations omitted).

In the instant case, the trial court directed only one

factual issue to be determined as an issue out of chancery.

This was resolved against appellant.  We conclude that the trial

court did not abuse its discretion in denying appellant's

request to refer the legal determination of estoppel.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

-