## CIRCUIT COURT OF AMHERST COUNTY

Lisa M. McGann

v.

Charles Tyree Royer

February 21, 2003

Case No. CH02J09607-00

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the request of Mr. Royer for a jury trial. A jury trial is denied. My reasons are set forth below.

The instant case is an appeal from the Amherst County Juvenile and Domestic Relations District Court from a conviction of civil contempt for failure to pay child support. The J&DR Court sentenced Mr. Royer to a jail sentence "not to exceed 365 days." Mr. Royer was granted leave to purge himself of the contempt by paying the support arrearage. This arrearage, including interest, was $6,153.23 as of April 30, 2002.

The initial question is whether the defendant has a federal constitutional right to a jury trial. This court finds that the constitutional right to a jury trial does not exist in this case because this is a civil contempt action. In *Shillitani v. United States*, 384 U.S. 364, 365, 16 L. Ed. 2d 622, 86 S. Ct. 1531 (1966), the United States Supreme Court held that there is no jury trial right in a civil contempt proceeding. The court held that the conditional nature of a sentence which gives the contemner the opportunity to comply and be released from jail is a civil contempt. *Shillitani, supra*, at 364.

In *Kessler v. Commonwealth*, 18 Va. App. 14, 441 S.E.2d 223 (1994), the Court of Appeals of Virginia considered the circumstances under Virginia law wherein a jury trial is required in a support case when a finding of contempt is appealed. The court in *Kessler* held that a contempt is criminal in nature if the punishment is determined and unconditional and civil in nature if it is conditional and the defendant can avoid a penalty by complying with a court's order. *Kessler, supra*, at 16. Chief Judge Moon, writing for the court in

*Kessler*, held that the defendant had the right to a jury trial in a contempt case where the contemner is cited for criminal contempt and subject to a sentence in excess of six months. *Kessler, supra,* at 17.

Although the sentence in the instant case is more than six months, this case is clearly a civil contempt case. The sentence is conditional and the case is initially charged as a civil contempt. It will be treated as a civil contempt in the circuit court.

Next, the issue arises as to whether there is a right to a jury trial pursuant to § 8.01-336(D) or § 8.01-336(E). Section 8.01-336(D) grants a trial by jury pursuant to a plea in equity. In order for a jury trial to be granted on a plea in equity, there must be a plea filed which alleges a single state of facts or circumstances which, if proven, constitutes an absolute defense to the claim. *Nelms v. Nelms,* 236 Va. 281, 289, 374 S.E.2d 4 (1988); see also *Stanardsville Vol. Fire Co. v. Berry,* 229 Va. 578, 587, 331 S.E.2d 466 (1985).

There has been no set of facts pleaded by the defendant indicating that a single set of facts or circumstances, if proven, constitutes an absolute defense. Thus, a jury trial based upon a plea in equity cannot be granted.

Section 8.01-336(E) provides for a jury trial pursuant to an issue out of chancery. The determination of whether a court directs an issue out of chancery is one that is "within the sound discretion of the chancellor." *Nelms v. Nelms, supra,* at 290. Before granting a jury trial on an issue out of chancery, the court must determine that the "conflict of evidence . . . be great and its weight so nearly evenly balanced that the court is unable or with difficulty able to determine where preponderance lies." *Eastern Finance Co. v. Gordon,* 179 Va. 674, 680, 20 S.E.2d 522 (1942). In the instant case, I cannot find that the evidence is in such great conflict that the court is unable to determine where the preponderance lies. As the parties know, contempt issues for failure to pay support are regularly considered by the courts. I can foresee no difficulty in determining where the preponderance of the evidence lies in the instant case.

Mr. Royer, by counsel, argues that the provisions of § 16.1-296, § 16.1-106, and § 16.1-103 require that Mr. Royer be granted a jury trial. This court disagrees. Section 16.1-296(E) addresses findings of guilt for "offenses." This section clearly addresses convictions of crimes which are charged by warrant. The instant case does not arise pursuant to a criminal warrant. It is a show cause for civil contempt. By virtue of its posture as a show cause for civil contempt, the appeal is governed by the procedures set forth in § 16.1-296(F). This code section provides that the proceedings "shall conform to equity practice when the evidence is heard *ore tenus.*" The only two

procedures by which a jury trial can be granted in equity are a plea in equity and an issue out of chancery. As noted above, neither a plea in equity nor issue out of chancery is appropriate in this case.