COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Haley
Argued at Chesapeake, Virginia


TALMADGE BAXTER
                                              MEMORANDUM OPINION* BY
v.        Record No. 0481-05-1               JUDGE JEAN HARRISON CLEMENTS
                                                  JANUARY 24, 2006
DEBORAH BAXTER


              FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          H. Vincent Conway, Jr., Judge

              Charles E. Haden for appellant.

              No brief or argument for appellee Deborah Baxter.

              John H. McLees, Senior Assistant Attorney General (Judith Williams
              Jagdmann, Attorney General, on brief), for Commonwealth of
              Virginia.


       Talmadge Baxter (appellant) was found to be in criminal contempt of court for violating a

protective order issued in accordance with Code §§ 16.1-279.1 and 16.1-253.  Pursuant to Code

§ 16.1-253.2, he was sentenced to twelve months in jail and fined $1,000.  On appeal, appellant

contends (1) the trial court erred by failing to determine whether he waived his right to a trial by

jury and (2) the evidence was insufficient to support his contempt conviction.  For the reasons

that follow, we reverse appellant's conviction and remand for further proceedings.

       As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

On April 15, 2004, appellant's spouse, Deborah Baxter, petitioned the juvenile and domestic relations district court for a protective order, seeking to prohibit appellant from having any contact with her, her children, or her parents, including her stepfather, Leonard German. The court issued a protective order, and appellant appealed the judgment to the circuit court.  On June 14, 2004, following a trial *de novo*, the trial court issued a protective order requiring appellant to "have no further contact" with Mrs. Baxter or her family members, including German.  The protective order was to "remain in full force and effect until April 15, 2006."

On November 17, 2004, Mrs. Baxter filed a motion for a rule to show cause, alleging appellant violated the no-contact provision of the protective order on twenty-eight separate occasions between June 18 and November 9, 2004.  A contempt hearing was held on February 4, 2005.  At no point prior to or during that hearing was appellant asked or required to elect whether he wanted a jury or bench trial in the matter.

At the hearing, Mrs. Baxter presented extensive testimonial evidence regarding her allegations against appellant.  She testified, *inter alia*, that, between July 2 and July 5, 2004, appellant contacted her at least four times by telephone and left telephone messages on her answering machine.  Mrs. Baxter played the recording of one such message at the hearing and identified the voice on the recording as that of appellant.

Mrs. Baxter presented the testimony of her stepfather, German.  German testified that he was awakened during the early morning hours of October 17, 2004, by a "tapping" noise coming from outside his home.  Stepping outside to investigate, he observed appellant stand up from behind a small maple tree in his yard and run away.  The next morning, German discovered thirteen scars on his maple tree and that its branches had been cut off.

Testifying on his own behalf, appellant admitted that he made the telephone calls about which Mrs. Baxter had testified and that it was his voice on the recorded message she had played in court. He further admitted that he knew, when making those calls, that he was violating the protective order. He denied, however, harming German's maple tree, testifying that he had been out of town at the time with his neighbor. In response to questioning by the court, appellant admitted he violated the court's order.

Finding German's testimony credible and that appellant contacted Mrs. Baxter on several occasions, the trial court held appellant in contempt of court for violating the protective order. The court then sentenced appellant to twelve months in jail and imposed a fine of $1,000.[1]

This appeal followed. Having granted the petition for appeal, we ordered the parties, with notice to the Commonwealth, which was not a party to the contempt proceeding, to address the additional questions of whether the trial court erred by failing to: (1) adequately articulate the contempt proceeding as criminal, (2) transfer the case to the law side of the court, and (3) restyle the case and allow the Commonwealth to prosecute the action. We further directed that the parties address whether Rule 5A:18 prevents us from reaching these procedural questions.

## II. ANALYSIS

Addressing our additional questions, the Commonwealth concedes that this case involved criminal, rather than civil, contempt of court. The Commonwealth further concedes that, given the nature of the punishment imposed upon appellant, the trial court erred by failing to determine whether appellant waived his right to a trial by jury. Although we are not bound by a concession

---

[1] The trial court also extended the protective order for two years, to commence on the date of conviction.

of law, see Tuggle v. Commonwealth, 230 Va. 99, 111 n.5, 334 S.E.2d 838, 846 n.5 (1985), we

agree with the Commonwealth and limit our analysis accordingly.[2]

Contempt of court may be classified as either civil or criminal. Bagwell v. Int'l Union,

United Mine Workers of America, 244 Va. 463, 475, 423 S.E.2d 349, 356 (1992). Civil and

criminal contempt of court are often distinguished by the character and purpose of the

punishment imposed. See Krieger v. Commonwealth, 38 Va. App. 569, 580-82, 567 S.E.2d 557,

562-63 (2002) (en banc).

> "The punishment, whether fine or imprisonment, is deemed
> to be criminal if it is determinate and unconditional, and such
> penalties 'may not be imposed on someone who has not been
> afforded the protections that the Constitution requires of such
> criminal proceedings.' Hicks v. Feiock, 485 U.S. 624, 632-33
> (1988). The punishment is deemed to be civil if it is conditional,
> and a defendant can avoid such a penalty by compliance with a
> court's order. Id. at 633."

Powell v. Ward, 15 Va. App. 553, 558, 425 S.E.2d 539, 542-43 (1993) (quoting Bagwell, 244

Va. at 475, 423 S.E.2d at 356).

Here, as the record indicates, the trial court imposed a criminal punishment upon

appellant, that is, a punishment that was determinate and unconditional. In sentencing appellant

to twelve months in jail and a fixed fine of $1,000, the court provided him no opportunity to

avoid his punishment by compliance with the protective order. Therefore, we agree with the

Commonwealth that the contempt proceeding conducted by the trial court in this case was

criminal, rather than civil, in nature.

Addressing the issue of whether a contemnor in a criminal contempt case is entitled to a

jury, we stated in Powell as follows:

> "In Nicholas v. Commonwealth, the Court . . . observed that
> '"there has been general recognition of the fact that the courts are

---

[2] We limit our analysis to the issues presented in the Commonwealth's concessions
because examination of those issues is dispositive in this appeal.

clothed with [the power to punish for contempt], and must be
authorized to exercise it without referring the issues of fact or law
. . . to a jury.'"  186 Va. 315, 321, 42 S.E.2d 306, 309 (1947)
(quoting <u>Gompers v. Bucks Stove & Range Co.</u>, 221 U.S. 418, 450
(1911)).  'We recognize, however, that the unbridled authority of
courts to punish for criminal contempt in the absence of a jury is
limited to "petty contempts," with a penalty not exceeding six
months.  <u>Taylor v. Hayes</u>, 418 U.S. 488, 495 (1974); <u>Bloom v.
Illinois</u>, 391 U.S. 194, 210 (1968); <u>see</u> <u>Greene v. Tucker</u>, 375
F. Supp. 892 (E.D. Va. 1974).'"

<u>Id.</u> at 557, 425 S.E.2d at 542 (alteration in original) (quoting <u>Baugh v. Commonwealth</u>, 14

Va. App. 368, 374, 417 S.E.2d 891, 895 (1992)).  Thus, a contemnor has the right to a jury where

the punishment exceeds six months of confinement.  <u>See, e.g.</u>, <u>Kessler v. Commonwealth</u>, 18

Va. App. 14, 441 S.E.2d 223 (1994) (holding that the contemnor had the right to a trial by jury in

a criminal contempt proceeding because the sentence imposed was eleven months' confinement);

<u>Powell</u>, 15 Va. App. at 558, 425 S.E.2d at 542 (holding that the contemnor did not have the right

to a trial by jury because the sentence imposed was only thirty days in jail).

Here, the trial court sentenced appellant pursuant to Code § 16.1-253.2, imposing a

penalty of twelve months' confinement.  Because the penalty imposed exceeded six months,

appellant was entitled to a trial by jury.  <u>Id.</u> at 557, 425 S.E.2d at 542.

"To waive trial by jury, the accused must give express and intelligent consent, and that

consent with the concurrence of the attorney for the Commonwealth, must be entered of record."

<u>Jones v. Commonwealth</u>, 24 Va. App. 636, 639, 484 S.E.2d 618, 620 (1997) (citation omitted).

Our review of the record reveals no indication that appellant ever affirmatively waived his right

to a trial by jury.  Indeed, it is clear from the record that the trial court never asked appellant if he

waived his right to a jury trial.  Because the trial court's failure in a case involving a nonpetty

criminal offense to "determine whether [the accused] waived trial by jury . . . necessitates

reversal of th[e] case," McCormick v. City of Virginia Beach, 5 Va. App. 369, 373, 363 S.E.2d 124, 126 (1987), we reverse appellant's criminal contempt conviction.[3]

"Notwithstanding the fact that we reverse [appellant's criminal contempt conviction], . . . we address [his] sufficiency of evidence argument because the Commonwealth would be barred on double jeopardy grounds from retrying appellant if we were to reverse for insufficiency of the evidence." Timbers v. Commonwealth, 28 Va. App. 187, 202, 503 S.E.2d 233, 240 (1998).

Appellant contends that the evidence was insufficient to support his contempt conviction for violating the protective order because, "[a]lthough there may have been instances of technical noncompliance, . . . the evidence, viewed as a whole, showed . . . substantial compliance with the protective order." Appellant's contention is without merit.

"When the sufficiency of the evidence is challenged on appeal, we review the evidence 'in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Emerson v. Commonwealth, 43 Va. App. 263, 276, 597 S.E.2d 242, 249 (2004) (quoting Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987)). "'In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (quoting Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988)). Moreover, "[t]he credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact

---

[3] In light of our holding, we need not address appellant's additional contentions that the trial court abused its discretion in (1) sentencing him to twelve months in jail and (2) denying his motion for continuance.

finder's determination." <u>Crawley v. Commonwealth</u>, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999).

Applying the aforementioned principles, we hold that sufficient evidence supports appellant's conviction of criminal contempt of court for violating the protective order. The evidence presented at the contempt hearing established that appellant contacted Mrs. Baxter several times by phone in contravention of the protective order. Appellant, in fact, admitted that he telephoned Mrs. Baxter while the protective order was in effect and that he knew he was violating the protective order by making such contact. The evidence further established that, during the same time period, appellant went onto the property of Mrs. Baxter's stepfather late at night and cut numerous branches off his maple tree.

From this evidence, the trial court could properly conclude that appellant violated the protective order.

### III. CONCLUSION

For these reasons, we reverse appellant's criminal contempt conviction and remand for further proceedings not inconsistent with this opinion.

<u>Reversed and remanded.</u>