COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia


RAJAN JAGANNATHAN

v.        Record No. 1121-07-4

VALERIA SHEPELEVA JAGANNATHAN

MEMORANDUM OPINION[*] BY
JUDGE RUDOLPH BUMGARDNER, III
FEBRUARY 19, 2008


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
R. Terrence Ney, Judge

Ted Kavrukov for appellant.

Robert B. Machen (Stephen Andrew Armstong, on brief), for
appellee.


Rajan Jagannathan contends the trial court erred (1) in sentencing him to twelve months in jail, (2) in denying a motion to set aside an order, and (3) in prohibiting him from posting materials on the Internet.  Concluding the trial court did not err, we affirm.[1]

Rajan Jagannathan and Valeria Shepeleva married in 1998 and had two children.  They divorced in 2005 and since then have engaged in continual, protracted, and contentious litigation over custody, visitation, and child support.  The trial court has held the husband in contempt four times.  He has been convicted of assaulting one of the wife's attorneys and destroying his personal property.  The husband has repeatedly posted, or caused to be posted, defamatory statements on the Internet.  The statements claimed the judges in the case, the wife's attorneys, a former guardian *ad*

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's request to strike the appendix filed by the appellee is denied.

*litem*, and employees of a shelter for abused women and children engaged in criminal activities, including child abuse.

On April 6, 2007, the trial court again held the husband in contempt. It found that he had not paid court-ordered child support, had paid no support arrearages, had failed to appear in court as ordered, and had not provided the court with a current address or telephone number. The trial court remanded the husband to "the Fairfax County Jail under the provisions of Section 20-61 of the Code of Virginia for a period of twelve months" or until he purged himself of contempt. It ordered that the husband be placed in the work release program so that he could pay his support obligation.

The husband raises four issues on appeal concerning the first question presented. First, he contends the trial court lacked jurisdiction to hold the contempt hearing. The husband contends Code § 20-67[2] mandates that only the juvenile and domestic relations district court has authority to hear a proceeding under Code § 20-61.[3] His contention is without merit. Code § 20-115[4]

---

[2] Code § 20-67:

> Proceedings under this chapter shall be had in the juvenile and domestic relations district courts, which shall have exclusive original jurisdiction in all cases arising under this chapter.

[3] Code § 20-61 reads in pertinent part:

> Any spouse who without cause deserts or willfully neglects or refuses or fails to provide for the support and maintenance of his or her spouse, and any parent who deserts or willfully neglects or refuses or fails to provide for the support and maintenance of his or her child under the age of eighteen years of age, or child of whatever age who is crippled or otherwise incapacitated from earning a living, the spouse, child or children being then and there in necessitous circumstances, shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not exceeding $500, or confinement in jail not exceeding twelve months, or both . . . .

[4] Code § 20-115 reads:

> Upon failure or refusal to give the recognizance provided for in § 20-114, or upon conviction of any party for contempt of court in (i) failing

specifically gave the trial court authority to hold the hearing, and it was under that authority that the trial court acted.

Second, the husband contends that the trial court "erred in proceeding to a hearing without a legitimate pleading." He argues, "Code § 20-64 requires that proceedings under Chapter 5 of Title 20 be instituted upon petition, verified under oath, and filed." Because this proceeding was under Code § 20-115, a portion of Title 20 Chapter 6, and not under Code § 20-61, a portion of Title 20 Chapter 5, the provisions of Code § 20-64 did not apply.

Third, the husband contends the trial court imposed criminal sanctions without a proper criminal hearing and conviction. He argues that the trial court made no finding that the husband "willfully neglect[ed] or refuse[d] to provide support and maintenance of his child . . . being then and there in necessitous circumstances" as specified in Code § 20-61.

Code § 20-115 incorporates the sanction of Code § 20-61 as a remedy available to the circuit court upon a finding of contempt under Code § 20-115. The husband's attorney conceded at the April 6, 2007 hearing that the husband did not make the required child support payments as previously ordered. This concession provided all the evidence necessary to find that the husband was in contempt pursuant to Code § 20-115 and subject to the punishment of Code § 20-61.

---

or refusing to comply with any order or decree for support and maintenance for a spouse or for a child or children or (ii) willfully failing or refusing to comply with any order entered pursuant to § 20-103 or § 20-107.3, the court (i) may commit and sentence such party to a local correctional facility as provided for in § 20-61 and (ii) may assign the party to a work release program pursuant to § 53.1-131 or to perform public service work; in either event the assignment shall be for a fixed or indeterminate period or until the further order of the court. However, in no event shall commitment or work assignment be for more than twelve months. The sum or sums as provided for in § 20-63, shall be paid as therein set forth, to be used for the support and maintenance of the spouse or the child or children for whose benefit such order or decree provided.

Fourth, the husband contends the trial court erred in allowing the wife's attorneys to serve as private prosecutors. While a proceeding under Code § 20-115 may be criminal or quasi-criminal in nature, see Kessler v. Commonwealth, 18 Va. App. 14, 16, 441 S.E.2d 223, 224 (1994), that does not mean the attorney for a spouse seeking support is a private prosecutor. The wife's attorneys never sought nor received leave of court to act as private prosecutors. The cases cited by the husband, Cantrell v. Commonwealth, 229 Va. 387, 329 S.E.2d 22 (1985), and Adkins v. Commonwealth, 26 Va. App. 14, 492 S.E.2d 833 (1997), are inapposite.

The husband moved to set aside a previous order entered August 25, 2006 that had denied his motion to disqualify the wife's attorneys. At the hearing on the renewed motion held April 6, 2007, the trial court reviewed the record and found the husband had previously attempted to remove both of the wife's attorneys. At that time, after notice of the hearing on the motions, response to the motions, and argument on them, the trial court had entered two orders denying the motions. The trial court ruled that hearing the same motions again was not necessary[5] and entered an order denying the husband's motion to set aside the August 25, 2006 order.

The record supports the trial court's findings. The principle is long standing that "[t]he decision whether to grant or deny a rehearing is within the trial court's sound judicial discretion."

---

[5] The trial court made these findings:

> It's clear from the pleadings that have been filed in this case, the various motions and the various orders, that three things are clear. One, Mr. Jagannathan has sought to remove Mr. Armstrong from serving as counsel, to which Mr. Armstrong replied, and Judge Finch denied that motion.
> Two, Mr. Jagannathan has sought to remove Mr. Machen as counsel, to which a reply was also made and which motion was denied and an order was entered to the effect of denying that by Judge Alden on August 25th, 2006. The prior order of Judge Finch was March 10th, 2006.
> The Court speaks through its orders and the Court is more than satisfied that, based upon the pleadings that have been submitted, both of these matters were in fact noticed – indeed, by Mr. Jagannathan – responded to, argued, and orders were entered denying those motions. And to raise those motions again, the Court's not going to do it. It's not necessary.

Hughes v. Gentry, 18 Va. App. 318, 326, 443 S.E.2d 448, 453 (1994). We find no abuse of discretion in the refusal to entertain a renewed motion to disqualify opposing counsel.

Finally, the husband contends the trial court violated his First Amendment rights by ordering him not to post materials on the Internet. The court held a hearing on whether to release the husband from jail after he had paid to the Division of Child Support Enforcement his total arrearages of $28,451.84. As a condition of finding he had purged himself of all aspects of his contempt and to assure that he intended to comply in the future, the trial court ordered him not to post materials about the case on the Internet. It then ordered the husband's immediate release from jail.

The order releasing the husband, which contained the Internet prohibition, was entered at the end of the hearing May 4, 2007. The husband's counsel endorsed the order without objection. Three days later, he filed a pleading that for the first time raised the First Amendment objection. Rule 5A:18 states: "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor *at the time of the ruling . . . .*" (Emphasis added.) The rule even bars constitutional claims. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). The husband waived his objection to that ruling because he did not bring this issue to the trial court's attention at the time of the ruling.

The wife raises an additional question pursuant to Rule 5A:21(b). She contends the trial court abused its discretion by releasing the husband from jail on May 4, 2007. However, she provides no authority in support of her contention. We will not search for any and will not entertain the question. See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) ("Statements unsupported by argument, authority, or citations to the record do not merit

appellate consideration. We will not search the record for errors in order to interpret [a party's] contention and correct deficiencies in a brief.").

The wife requests an award of attorneys' fees and costs. We award the wife her reasonable attorneys' fees and costs incurred in this appeal and remand the matter to the trial court for the determination of the amount of the award. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

Affirmed and remanded.